**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-CV-61939-DAMIAN/STRAUSS**

**GLAXO GROUP LIMITED and**
**GLAXOSMITHKLINE INTELLECTUAL**
**PROPERTY DEVELOPMENT LIMITED,**

Plaintiffs,

v.

**TRANSPIRE BIO INC.,**

Defendant.
_______________________________________/

**ORDER FOLLOWING DISCOVERY HEARING**

THIS MATTER came before the Court upon Plaintiffs' Notice of Discovery Dispute [DE 154] (the "Notice") and the parties' Joint Discovery Status Report [DE 157] (the "JDSR"). The Court has considered the Notice, the JDSR, and the parties' representations at the October 23, 2026 discovery hearing held before the undersigned. The Court construes these materials as Plaintiffs' motion for protective order and Defendant's response thereto. For the reasons stated in this Order, as well as on the record at the discovery hearing, it is **ORDERED and ADJUDGED** that Plaintiffs' motion for protective order is **GRANTED**. Plaintiffs do not need to designate a Rule 30(b)(6) witness for topics 15, 29, 32, 33, and 34, as listed in the JDSR.

The Court finds several of the cases provided by Plaintiffs regarding the use of contention-style 30(b)(6) topics in patent cases to be highly persuasive. *See TV Interactive Data Corp. v. Sony Corp.*, No. C 10-475 PJH, 2012 WL 1413368, at *1-3 (N.D. Cal. Apr. 23, 2012); *Gen-Probe Inc. Becton, Dickinson & Co.*, No. 09CV2319, 2012 WL 12845593, at *2 (S.D. Cal. Mar. 28, 2012); *see also McCormick-Morgan, Inc. v. Teledyne Indus., Inc.*, 134 F.R.D. 275, 286-87 (N.D. Cal. 1991), *rev'd on other grounds*, 765 F. Supp. 611 (N.D. Cal. 1991). As reflected in these authorities,

topics like those proposed by Defendant call for complex judgments between facts in evidence and the limits of patent and trademark laws on particular claims, making them quasi-legal rather than strictly factual. The complex nature of this case separates it from other cases where designating a Rule 30(b)(6) witness to address factual matters underlying contentions was appropriate.

The Court understands Defendant's assertion that these cases are outliers from California that are not followed in places where patent litigation is more common. However, as noted at the hearing, the Court has located authorities outside of California applying a similar rational, including in this Circuit. *See, e.g.*, *Stoneeagle Servs., Inc. v. Pay-Plus Sols., Inc.*, No. 13-CV-2240-T-33, 2015 WL 12843846, at *2 (M.D. Fla. Apr. 29, 2015) ("In this complex patent infringement action, Hemmer, who is not a lawyer, should not be expected to present orally a fully reliable and sufficiently complete account of all the bases for the contentions made and positions taken by the corporate party." (citation modified)); *Healthier Choice Flooring, LLC v. CCA Glob. Partners, Inc.*, No. 11-CV-2504, 2013 WL 12101905, at *9-10 (N.D. Ga. Jan. 4, 2013), *report and recommendation adopted*, 2013 WL 12108229 (N.D. Ga. Jan. 30, 2013).

Moreover, the bases for the parties' contentions should be well known considering the extensive discovery in this case, along with the parties' contention briefing. Therefore, the Court does not see how adding these additional deposition topics is warranted, especially considering the time left for the parties to complete discovery and the fact that Plaintiffs are designating witnesses for other topics for which, as Defendant noted at the hearing, the differences are subtle. Those topics are fair game and should suffice to meet Defendant's needs.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 23rd day of October 2026.

Jared Strauss

**Jared M. Strauss**
**United States Magistrate Judge**